**UNITED STATES, Appellee,**

v.

**Private First Class Michael A. DOCK, 492–72–1873, United States Army, Appellant.**

**CM 443893.**

U.S. Army Court of Military Review.

12 April 1985.

Major Robert M. Ott, JAGC, Captain Peter L. Yee, JAGC, and Captain Mark W. Harvey, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Larry D. Williams, JAGC, and Captain Debbie J. O'Bryan, JAGC, were on the pleadings for appellee.

Before WOLD, FELDER and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

Appellant was convicted, contrary to his pleas and in a general court-martial sitting with members, of violation of a general regulation and willful destruction of military property consisting of two fuel storage bladders and 800 gallons of aircraft fuel of a value of "about $7000.00." Of the numerous assignments of error advanced by appellant, one has merit and two require comment.

■ The fuel which appellant destroyed was proven to be of a value of $1040.00. As to the fuel bladders, however, the evidence only showed a purchase cost of $5864.00. Since the bladders were in use at the time of their destruction, appellant contends that the evidence will not support a finding that the combined value of the destroyed property was "about $7000.00." We agree, but, unlike appellant, we are satisfied that no prejudice resulted as to the sentence.

After trial defense counsel's closing argument on findings had consumed "a considerable amount of time"—some twenty-five pages of the transcript—the trial judge limited him to an additional two minutes. Following an unsolicited argument by the trial defense counsel about this ruling, the trial judge said, "I'm going to cut down the government [rebuttal], and you've got a minute and a half now." The trial defense counsel then continued for an additional three pages of the transcript, picking up his argument in a connected fashion and bringing it to a logical and orderly close. The trial counsel's rebuttal argument was limited by the trial judge to a specified time, and consumed two pages of transcript. All told, the trial counsel's opening and closing arguments totaled just over ten pages of transcript, while the trial defense counsel's argument totaled twenty-eight pages of transcript. In his comments to the convening authority on the post-trial review, the trial defense counsel stated that after the trial judge's comments, "I simply read to the panel as fast as I could the remainder of [my] argument."

■ We begin with the reminder that closing argument is a valuable right[1] and with a caution against unexpected time constraints on argument.[2] While a judge may restrict argument to reasonable limits in the exercise of sound discretion, unexpected constraints obviously can curtail an argument's effectiveness. A counsel who has been forewarned of reasonable time limits on argument can preserve the effectiveness of his argument by tailoring it in advance. This may or may not be possible on the spur of the moment.

■ Whether the trial judge's restriction in this case was reasonable or whether, on the other hand, the judge abused his discretion, is moot. Fortunately for all con-

1. *United States v. Sizemore,* 10 C.M.R. 70 (C.M.A.1953).

2. We also suggest caution in the manner in which trial judges address time constraints and reminders to counsel so as to avoid conveying to the members any implied comment on the merit or effectiveness of counsel's argument. We find no such implication in the case at bar.

cerned, the trial defense counsel was sufficiently talented, resourceful and experienced to surmount the challenge posed by the trial judge's directive. We are satisfied by the transcript and by counsel's later comments to the convening authority that counsel argued for substantially more than the "two minutes" or "minute and a half" nominally allotted, that he completed the points he had planned to address, and that the persuasive force of his argument was not substantially diminished. We conclude that appellant clearly suffered no prejudice and is therefore entitled to no relief. *United States v. Gravitt*, 17 C.M.R. 249, 257 (C.M.A.1954); *see United States v. Jackson*, 14 C.M.R. 64 (C.M.A.1954).

Only so much of the finding of guilty of the Specification of Charge II with respect to value is affirmed as includes a finding that the storage bladders involved were of some value and a finding that the total value of the property destroyed was in excess of $1040.00. The remaining findings of guilty and the sentence are affirmed.

Judge FELDER and Judge NAUGHTON concur.

**UNITED STATES, Appellee,**